**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2302**

RICHARD E. STITELY,

             Plaintiff – Appellant,

      v.

CAROLYN W. COLVIN,

             Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Stephanie A. Gallagher, Magistrate
Judge.  (1:14-cv-00144-SAG)

Submitted:  July 17, 2015          Decided:  August 4, 2015

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christine P. Benagh, COLLIER-BENAGH LAW, P.L.L.C., Washington,
D.C.; Stephen F. Shea, Silver Spring, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Benjamin B. Prevas,
Special Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard E. Stitely appeals from the magistrate judge's order upholding the Administrative Law Judge's ("ALJ") denial of disability insurance benefits. On appeal, Stitely raises numerous claims. We have considered the briefs, the magistrate judge's opinion, and the administrative record, and we find no reversible error. Accordingly, we affirm substantially for the reasons stated by the magistrate judge.* <u>Stitely v. Colvin</u>, No. 1:14-cv-00144-SAG (D. Md. Nov. 10, 2014).

In addition, while Stitely avers that his chronic obstructive pulmonary disease ("COPD") was more severe than the ALJ accounted for, he presented no evidence to support the conclusion that his COPD would prevent him from working a full-time job. His breathing difficulty and occasional emergency treatments did not undermine the ALJ's conclusions that Stitely's COPD was improved with treatment and that his condition did not prevent full-time work. Finally, while the alleged repetitive black-outs would be a serious hindrance to full-time work, the ALJ appropriately rejected Stitely's testimony as it had absolutely no support in the medical record, aside from a self-reported symptom at one medical examination.

---

* The parties consented to the jurisdiction of the magistrate judge.

2

Based on the foregoing, we conclude that the ALJ's findings were sufficient in this regard to permit judicial review and were supported by substantial evidence.

Next, Stitely contends that the ALJ's credibility determination was erroneous because the ALJ improperly found that Stitely's complaints were inconsistent with his daily activities. In his written submissions and his testimony before the ALJ, Stitely reported that he could attend to personal care, count change, watch television, wash dishes, play video and board games, prepare simple meals, and shop. In addition, although he stated at the hearing that he could no longer fish or ride a motorcycle, he reported performing these activities after his alleged onset date. We find that the ALJ's conclusion that these activities were inconsistent with his complaints of constant pain and inability to breathe was well within the ALJ's discretion.

Next, Stitely contends that the clinical evidence did not conflict with his subjective complaints, contrary to the ALJ's conclusions. Specifically, Stitely claims, without citation, that COPD can only be diagnosed by spirometry, not imaging. Further, Stitely asserts that the ALJ omitted evidence adverse to his decision and failed to consider the consistency of Stitely's complaints and the frequency of his pain.

However, the ALJ cited additional clinical evidence aside from the unremarkable imaging studies. The ALJ also discussed the pulmonary function testing, a cardiac stress test showing average exercise capacity, pulse oxygen levels ranging from 89 to 98, and effective treatment with an inhaler and bronchodilation. In addition, the ALJ discussed much of the evidence that Stitely complains was overlooked. The relatively mild conditions indicated by the clinical evidence did, indeed, conflict with Stitely's allegations of totally disabling symptoms. Further, Stitely points to no "overlooked" evidence, aside from his own allegations, which the court found not entirely credible, that would substantially aid his case.

Stitely further contends that the ALJ failed to weigh his complaints that he could not sustain activities and failed to order a consultative examination of his hands and arms. Regarding sustaining activities, the ALJ properly relied upon the consulting doctors' conclusions regarding the length of time Stitely would be able to stand and sit and took into account the time Stitely would need to be off-task. As for Stitely's hands and arms, given Stitely's reported activities and the reasons he gave for his limitations, the ALJ did not err in failing to order further testing of his hand functioning.

Next, Stitely contends that the ALJ erred by rejecting Stitely's subjective complaints for lack of objective evidence.

4

It is true that "once a medically determinable impairment which could reasonably be expected to produce the pain alleged by the claimant is shown by objective evidence, the claimant's allegations as to the severity and persistence of [his] pain may not be dismissed merely because objective evidence of the pain itself (as opposed to the existence of an impairment that could produce the pain alleged), . . . are not present to corroborate the existence of pain." Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996). Yet while "a claimant's allegations about [his] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges [he] suffers." Id.

Here, the ALJ did not improperly require objective corroboration. Instead, the ALJ properly noted that Stitely's impairments were treated with limited, conservative treatment that improved some of Stitely's conditions. See Smith v. Colvin, 756 F.3d 621, 626 (8th Cir. 2014) (noting with approval that the ALJ's credibility determination was based, in part, on finding that the plaintiff's treatment was "essentially routine and/or conservative in nature") (internal quotation marks

5

omitted); <u>Wall v. Astrue</u>, 561 F.3d 1048, 1068-69 (10th Cir. 2009) (holding that a history of conservative medical treatment undermines allegations of disabling symptoms). Likewise, the fact that treatment records did not verify or suggest the presence of daily coughing-related blackouts was highly relevant to a credibility finding. <u>See</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (permitting inference that condition was not "as all-disabling" as reported when claimant did not seek aggressive treatment and alternatives).

Finally, Stitely contends that the ALJ improperly relied on his failure to seek treatment when the record showed that he was unable to afford treatment. However, Stitely's allegations are not supported by the record. Instead, the ALJ appropriately noted the complaints Stitely did or did not make when he sought medical attention, and the ALJ properly considered the conservative treatment Stitely received over a prolonged period of many doctor's appointments.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6